UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLAN J. KIRKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00399-JMS-MJD |
| | ) |
| NURSE JOHNSON AND LT. STORMS, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Unopposed Motions for Summary Judgment
and Directing Entry of Final Judgment**

Allan J. Kirkley filed this action on February 7, 2017, contending that his constitutional rights were violated while he was incarcerated at the New Castle Correctional Facility ("New Castle"). Specifically, Mr. Kirkley alleges that on August 5, 2016, Mr. Kirkley was assaulted by another offender in I-1 pod at New Castle Correctional Facility. During the assault, Mr. Kirkley was injured and he continues to suffer from headaches, dizziness, jaw pain, and loss of vision. Defendant Nurse Johnson allegedly failed to provide Mr. Kirkley with necessary medical care after the assault and defendant Lt. Storms refused to give Mr. Kirkley health care forms, grievance forms or attorney calls effectively obstructing Mr. Kirkley's access to medical attention. As a result, Mr. Kirkley was denied necessary medical care from August 5, 2016, until he was released from segregation on or about August 22, 2016.

Both the State defendant, Lt. Storms and the medical defendant, Nurse Johnson move for summary judgment arguing that Mr. Kirkley failed to exhaust his available administrative

remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

For the reasons explained below, the unopposed motion for summary judgment, dkts [27], and motion to join the State defendant's motion for summary judgment [32], are **granted.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under

section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Kirkley failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

3

## II. Undisputed Facts

No response to the motions for summary judgment was filed by Mr. Kirkley and the deadline for doing so has passed. The consequence is that Mr. Kirkley has conceded the defendants' version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts are accepted as true:

At all times relevant to this action, Mr. Kirkley was confined at New Castle. Offenders housed at New Castle are informed about and provided access to the Offender Grievance Process policy.

The offender grievance process begins with the offender contacting staff person involved in the complaint or, if that person is not available, a person in charge of the area where the complaint arose, or, if there is some fear of reporting, to a Counselor, Casework Manager, or other Unit Team Member, all in an effort to discuss the matter or incident subject to the grievance and secure an informal resolution. The informal resolution period ends ten (10) days after the first attempted contact to the grieved upon staff member regardless of whether or not that staff member responds to the informal grievance.

If the offender is unable to obtain a resolution of the grievance informally, he shall submit a formal grievance to the Grievance Officer of the facility where the incident occurred. If the

formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal.

A grievance must be filed within twenty (20) working days from the date of the alleged incident.

During the time Mr. Kirkley was incarcerated at New Castle, he filed two (2) formal grievances, although neither related to the claims in this case. The first grievance related to the requirements of the SOMM program and his participation therein. Mr. Kirkley's second grievance related to his request that he be provided a cane or a walker. Neither grievance was appealed after the first level response was provided and, as such, neither grievance was fully exhausted per the Offender Grievance Process.

Lt. Storms, not only instructed Mr. Kirkley about the Offender Grievance Process, but also directed him to the Law Library for further review.

Mr. Kirkley failed to submit a timely formal grievance and appeal regarding his allegations in the complaint.

### III. Discussion

The defendants have met their burden of proving that Mr. Kirkley had available remedies that he did not utilize. Mr. Kirkley failed to file any formal grievance relating to the alleged actions, or inactions, of the defendants. *Dale v. Lappin,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Given his wholesale failure to respond to the motion for summary judgment, Mr. Kirkley

has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by the defendants.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Kirkley's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the unopposed motions for summary judgment, dkts [27] and [32], are **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ALLAN J. KIRKLEY
232790
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com